UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD E. TINSLEY,<br><br>    Petitioner,<br><br>    v.<br><br>T. HILL, Warden,<br><br>    Respondent. | No. 2:23-cv-01036-TLN-EFB (HC)<br><br>FINDINGS AND RECOMMENDATION |

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner was convicted in San Joaquin Superior Court of various counts, including first degree murder, felony murder, robbery, assault, and kidnapping, and sentenced to sixty-eight years to life in prison. ECF No. 1 at 1. Petitioner alleges that: 1) the summary denial of his re-sentencing petition without the appointment of counsel was in error; and 2) the summary denial of the petition without additional briefing was in error. For the reasons that follow, the petition must be denied.

I.  **BACKGROUND**

The relevant facts, as relayed by the California Court of Appeal[1], are:

---

[1] The facts recited by the state appellate court are presumed to be correct where, as here, the petitioner has not rebutted the facts with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Slovik v. Yates*, 556 F.3d 747, 749 n.1 (9th Cir. 2009) (as amended).

> In 1995, a jury found defendant Donald Eugene Tinsley guilty of first degree murder and other charges and enhancements not material to this appeal. (Pen. Code § 187; statutory citations that follow are to the Penal Code.) We affirmed the judgment in 1997. (*People v. Adams et al.*, (Aug. 27, 1997, C022618) [nonpub. opn.] (Slip Opinion).)
>
> In May 2019, defendant filed a petition for resentencing under a then newly enacted special procedure. The trial court summarily denied the petition without appointing counsel, concluding defendant was not eligible for resentencing as a matter of law, because the Slip Opinion established defendant "had the intent to kill and with that intent aided, abetted, and assisted the actual killer in the commission of murder." This court affirmed the trial court's order.
>
> The California Supreme Court granted defendant's petition for review and deferred further action pending disposition in a related case. After issuing its opinion in *People v. Lewis* (2021) 11 Cal. 5th 952 (*Lewis*), the Supreme Court transferred the matter back to us with directions to vacate this court's decision and reconsider in light of *Lewis*. We vacated the prior decision and reconsidered the matter in light of *Lewis* and the defendant's supplemental brief.
>
> Although the trial court should have appointed counsel to represent defendant when he filed a facially sufficient petition containing a request for counsel, the error was harmless. Accordingly, we will affirm the trial court's order.

*People v. Tinsley*, 2022 WL 17816170, *1 (Cal. Ct. App. Dec. 20, 2022); ECF No. 12-8 at 1-2.

**II.    ANALYSIS**

   *A.   Standards of Review Applicable to Habeas Corpus Claims*

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Park v. California*, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

2

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision. *Thompson v. Runnels*, 705 F.3d 1089, 1096 (9th Cir. 2013) (citing *Greene v. Fisher*, 565 U.S.34 (2011); *Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011) (citing *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). Circuit court precedent "may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." *Stanley*, 633 F.3d at 859 (quoting *Maxwell v. Roe*, 606 F.3d 561, 567 (9th Cir. 2010)). However, circuit precedent may not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." *Marshall v. Rodgers*, 569 U.S. 58, 64 (2013) (citing *Parker v. Matthews*, 567 U.S. 37, 47-49 (2012) (per curiam)). Nor may it be used to "determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court, be accepted as correct." *Id*. Further, where courts of appeals have diverged in their treatment of an issue, there is no "clearly established Federal law" governing that issue. *Carey v. Musladin*, 549 U.S. 70, 77 (2006).

A state court decision is "contrary to" clearly established federal law under § 2254(d)(1) if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. *Price v. Vincent*, 538 U.S. 634, 640 (2003). Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.[2] *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Williams*, 529 U.S. at 413; *Chia v. Cambra*,

---

[2] Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding." *Stanley*, 633 F.3d at 859 (quoting *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004)).

3

360 F.3d 997, 1002 (9th Cir. 2004). A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 412; *accord Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Lockyer*, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'"). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. *Delgadillo v. Woodford*, 527 F.3d 919, 925 (9th Cir. 2008); *see also Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008) *(en banc)* ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

In evaluating whether the petition satisfies § 2254(d), a federal court looks to the last reasoned state court decision. *Stanley*, 633 F.3d at 859; *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, the court may consider both decisions to ascertain the reasoning of the last decision. *Edwards v. Lamarque*, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has

denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Richter*, 562 U.S. at 99. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." *Id*. at 99-100 (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)). Similarly, when a state court decision on a petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. *Johnson v. Williams*, 568 U.S. 289, 293 (2013).

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). *Stanley*, 633 F.3d at 860; *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." *Himes*, 336 F.3d at 853. Where no reasoned decision is available, the habeas petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 99-100.

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo. *Stanley*, 633 F.3d at 860; *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006); *Nulph v. Cook*, 333 F.3d 1052, 1056 (9th Cir. 2003).

B.  Petitioner's Claims

Petitioner maintains that the trial court erred by summarily denying his resentencing petition before appointing counsel and also by relying on the state court of appeal's prior Slip Opinion to deny his resentencing petition without additional briefing. The state appellate court addressed these claims as follows:

> *Summary Denial of Resentencing Without the Appointment of Counsel*
>
> Defendant first contends the trial court erred by summarily denying his petition before appointing counsel. We agree. Because

5

defendant filed a facially sufficient petition, the trial court should have appointed counsel to represent defendant. (*Lewis, supra,* 11 Cal. 5th at pp. 962-963, 966-967, 970.)

The failure to appoint counsel at the prima facie stage of review is state law error and is reviewed for prejudice under the *People v. Watson* (1956) 46 Cal. 2d 818 harmless error test. (*Lewis, supra,* 11 Cal 5th at pp. 973-974.) Defendant must demonstrate there is a reasonable probability that the appointment of counsel or receipt of briefing would have changed the outcome of the petition. (See *People v. Watson, supra,* 46 Cal. 2d at p. 836.) He does not meet that burden, because he was not eligible for relief under the special resentencing procedure as a matter of law. This is so because, as the trial court reasoned, our Slip Opinion established that defendant acted with intent to kill when he participated in the murder. (Slip Opinion, *supra*, C022618 at p. 18, fn. 11.)

Thus, the trial court correctly ruled that defendant is statutorily ineligible for section 1172.6 relief. (See §§ 189, subds. (e)(1) [actual killer], (e)(2) [defendant "was not the actual killer, but, with the intent to kill, aided, abetted . . . or assisted the actual killer in the commission of murder in the first degree"]; 1172.6, subd. (a)(3) [case for relief requires a showing the petitioner could not be convicted of murder because of changes to sections 188 or 189 made by Senate Bill No. 1437].) Therefore, no argument by counsel properly could have resulted in a different outcome, and any conceivable error in failing to appoint counsel is harmless.

*The Trial Court's Reliance on the Slip Opinion*

Defendant's remaining claims challenge the propriety of the trial court's reliance on the Slip Opinion to summarily deny defendant's petition.

First, noting that the trial court "did not give [him] any notice that it [would] rely[] on" the Slip Opinion, "nor did it give him the opportunity to respond to the allegations and legal analyses in that opinion," defendant contends "the trial court had no right to" rule him "ineligible for relief as a matter of law" "without soliciting briefing from the prosecution and [defendant]."

Second, defendant contends the trial court violated due process principles by "erroneously relying" on the "materially inadequate" Slip Opinion "to reach unsupported or inadequately supported findings," because "[n]o issue" in his direct appeal "required [us] to determine or even address whether [defendant] harbored an intent to kill." Relatedly, defendant argues in his supplemental brief that the trial court "engaged in improper fact-finding" to deny his petition.

We note that defendant does not challenge the trial court's legal conclusion that defendant aided and abetted Wadsworth's killing. Accordingly, we do not address the issue.

We conclude any error by the trial court in considering the Slip

6

> Opinion to summarily deny defendant's petition was harmless, as we determined in the Slip Opinion that defendant harbored an intent to kill when he participated in the murder.

ECF No. 12-8 at 6-8.

Respondent argues that petitioner's claims present no cognizable federal questions. The court agrees. It is well settled that federal habeas relief is not available for errors of state law. *Estelle*, 502 U.S. at 67. Moreover, the Ninth Circuit has held that "errors in the state post-conviction review process" do not create a basis for habeas relief. *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989). Accordingly, a state court's interpretation of state law binds a federal court sitting in habeas corpus. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).

Here, petitioner's claims are purely ones of state law. The state court specifically held that failure to appoint counsel for petitioner's resentencing petition was harmless "state law error." ECF No. 12-8 at 6. Because "the [constitutional] right to appointed counsel extends to the first appeal of right, and no further", petitioner did not have a federal constitutional right to counsel during his post-conviction re-sentencing petition. *Jeffers v. Lewis*, 68 F,3d 299, 300 (9th Cir. 1995) (*en banc*) (holding petitioner had no right to counsel during state habeas proceedings); *see also Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 425, 429 (9th Cir. 1993). Similarly, petitioner's claim regarding the summary denial of his petition without additional briefing is purely a state law claim, and petitioner cannot demonstrate otherwise.[3] *See Franzen,* 877 F.2d at 26. Because petitioner's claims are a challenge to an adverse determination of California state law, and do not present any genuine federal claim, his petition must be denied.

### III. RECOMMENDTION

For the reasons stated above, it is hereby RECOMMENDED that the petition for writ of habeas corpus be DENIED.

---

[3] While it is true that, in rare circumstances, an erroneous application of state sentencing law can violate constitutional due process, federal habeas relief will still only be found where the state law error was "so arbitrary and capricious as to constitute an independent due process or Eighth Amendment violation." *Richmond v. Lewis,* 506 U.S. 40, 50 (1992). Here, petitioner makes no such claim, and this court's review of the record confirms that even if the state court's decision was in error, it was not the type of arbitrary and capricious error that would merit federal relief.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing § 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: December 19, 2023

EDMUND F. BRENNAN  
UNITED STATES MAGISTRATE JUDGE